

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



**ATTORNEY GENERAL**

Mrs. Ella Mae Murphy, Member
State Board of Hairdressers and Cosmetologists
Austin, Texas

Dear Madam:

Opinion No. O-5373
Re: Interpretation of House
Bill No. 223, Acts of the
48th Legislature, Regular
Session, 1943, regarding
issuance of licenses to
non-resident hairdressers
or cosmetologists.

Your letter of June 4, 1943, requesting the opin-
ion of this department on the above stated matter is as
follows:

"Kindly let us have an opinion covering
House Bill 223 with particular reference to
Section 1.

"This department interprets same to mean
that a Texas license, upon presentation of pro-
per papers, will be issued to the holder of a
current license from a state with requirements
equal to the requirements of this State, which
grants reciprocity to Texas operators. The
usual procedure must be followed in renewing
same as long as the present war and National
emergency exist. At the time of the termination
of this war, the license held by said person
becomes void a nd can no longer be renewed; and
should the holder of same desire to work in
Texas he will be required to take the State
Board Examination to secure a license.

"In other words our interpretation is that
a person granted a non-resident license at this time
must renew same on August 31st, 1943 and receive
a 1943-44 license and should the war terminate
prior to August 31st, 1944, said renewal license
would be void, and said licensee be required to
take the examination."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

House Bill No.223, Acts of the 48th Legislature, Regular Session, 1943, reads as follows:

"H. B. No. 223

"AN ACT

"amending Section 14, Chapter 116, House Bill No. 189, Acts of the Regular Session of the Forty-fourth Legislature, so as to provide for the issuance of a Texas license to non-resident hairdressers and cosmetologists under certain circumstances for a set fee; providing for reciprocity of other States; also amending Section 18, Chapter 116, House Bill No. 189, Acts of the Regular Session of the Forty-fourth Legislature, as amended by Section 1, Chapter 469, House Bill No. 127, Acts of the Second Called Session of the Forty-fourth Legislature, providing a renewal license shall be given to certain persons under certain circumstances; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. Section 14, Chapter 116, House Bill No. 189, Acts of the Regular Session of the Forty-fourth Legislature, is hereby amended so as to read hereafter as follows:

"'Section 14. Non-resident hairdressers or cosmetologists will be granted a Texas license, which upon compliance with all provisions of this Act shall extend for the duration of the present war and national emergency, upon presentation of an application for a license which shall be accompanied by a health certificate as required of all applicants, including a Wassermann or other laboratory tests, a license from any other State which is up to date, and a fee of Ten Dollars ($10). Provided that the requirements of such other State of an applicant for examination shall be equal to and as stringent as the requirements of the State of Texas for an applicant for examination, and providing that such other State shall grant equal privileges to holders

of a Texas license.'

"Sec. 2. Section 18, Chapter 116, House Bill
No. 189, Acts of the Regular Session of the Forty-
fourth Legislature, as amended by Section 1, Chap-
ter 469, House Bill No. 127, Acts of the Second Call-
ed Session of the Forty-fourth Legislature, is here-
by amended so as to hereafter read as follows:

"'Section 18. The first certificate of regis-
tration and license shall be valid until August 31,
1936. Thereafter no certificate or license shall be
issued for a longer period than one year and shall
expire on the thirty-first day of August of the year
for which they are issued unless renewed prior to
that date. The holder of an expired certificate or
license may have said certificate or license res-
tored within one year after the date of expiration,
upon the payment of the required renewal fee and
satisfactory proof of this or her qualifications to
resume practice; however, the holder of a certifi-
cate or license on or since September, 1940, who
is now serving as a member of the Armed Froces of
the United States of America, the Armed Forces Re-
serve of the United States of America, or as a mem-
ber of the Auxiliaries thereto, or who is doing
defenße work, or holding a Civil Service appoint-
ment, shall be granted a renewal license upon the
payment of the required renewal fee without any
examination within one year after the following:

"'1. Honorable discharge from the Armed Forses
of the United States of America; or from the Armed
Forces Reserve of the United States of America; or
from any of the Auxiliaries thereto.

"'2. Release from Defense work.

"'3. Release from Civil Service appointment.

"'(a) The annual license fee for conducting
a beauty parlor shall be the sum of Five Dollars
($5), provided, however, that in event any beauty
parlor is conducted and operated by one person only,

then and in that event no fee shall be charged for conducting such beauty parlor, but the operator thereof shall be liable only for the Three-Dollar annual registration fee hereinafter provided, and the annual license fee for operators to work at the trade or practice of beauty culture shall be the sum of Three Dollars ($3) and the annual registration fee for manicurists shall be Two Dollars and Fifty Cents ($2.50), and the annual registration fee for an instructor shall be Ten Dollars ($10) and the annual registration fee to conduct a beauty school shall be One Hundred Dollars ($100).

"'(b) It is intended by this Act to levy and collect from the operator of any beauty parlor conducted and operated by one person only, no tax or fee for examination charge in excess of the Three-Dollar fee hereinbefore provided, any other Section of this Act to the contrary notwithstanding.

"'(c) The establishment of itinerant shops is hereby expressly prohibited, and it shall be unlawful for any person, firm or corporation to operate a beauty shop as defined in this Act, unless the same is a bona fide establishment with a permanent and definite location. Any license granted under the terms of this Act shall permit the licensee to practice in only such bona fide established beauty shop; provided, however, that nothing in this Act shall prohibit the removal or change of location of a beauty shop, provided such move or change is made in good faith with the intention of definitely and perm anently locating elsewhere; and provided that nothing contained herein shall in anywise prevent a licensee from practicing in the homes of customers if said licensee works in a bona fide established shop as defined in this Act. Provided further, that nothing in this Act shall prohibit the establishment of chain beauty shops which have a definite and permanent location and have complied with all the other terms of this law.'

"Sec. 3. The fact that at the present time there is an urgent need for trained hairdressers and cosmetologists in this State and the further fact

that many trained and qualified persons holding licenses in other States are now residing in Texas creates an emergency and an imperative public necessity requiring that the Constitutional Rule which requires a bill to be read on three several days in each House to be suspended, and such Rule is hereby suspended, and this Act shall take effect from and after its passage, and it is so enacted."

After carefully considering the Act as a whole, it is our opinion that you have correctly interpreted the Act under consideration. Therefore, it is our opinion that nonresident hairdressers or cosmetologists who are granted a license under the provisions of Section 1 of the Act must comply with Section 2 of said Act in the same manner and to the same extent as any other person practicing hairdressing or cosmetology in this State who has been duly licensed to practice by examination.

Yours very truly

ATTORNEY GENERAL OG TEXAS

By (s)    Ardell Williams
                    Assistant

AW:db:ff

APPROVED JUN. 17, 1943
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

This opinion considered
and approved in Limited
Conference